## No. 6373.

### State ex rel. Gest & Atkinson vs. the Judge of the Superior District Court, Parish of Orleans, and J. B. Alexander.

The effect of the judgment complained of in this instance was to release a seizure which relators had made in executing their judgment against the New Orleans, St. Louis, and Chicago Railroad Company, involving a sum exceeding five hundred dollars. That this court had appellate jurisdiction, there can be no doubt. Whether relators had the right to make the seizure, is a question that will arise when the case is heard on appeal. The court *a qua* erred in denying to relators their constitutional right of appeal.

APPLICATION for a writ of mandamus against the judge of the Superior District Court, parish of Orleans. *McGloin & Nixon,* for relators. *C. T. Bemiss,* for respondent.

- Wyly, J. Relators having a judgment for over twenty-five hundred dollars against the New Orleans, St. Louis, and Chicago Railroad Company, caused execution to issue, and seized by garnishment process, in

State ex rel. Gest & Atkinson vs. the Judge of the Superior District Court.

the hands of certain persons, the sums due by them for freight to said railroad company.

J. B. Alexander, alleging that he was appointed receiver of said railroad by the United States Circuit Court of the district of Louisiana, obtained a rule which, after hearing, was made absolute, requiring the interrogatories propounded by relators to the parties garnishee to be limited to such indebtedness as might be due by them prior to the eleventh of March, 1876, the period at which said Alexander was appointed receiver—the decree virtually releasing the seizure of the funds held by said garnishees subsequent to the eleventh of March, 1876.

From this judgment relators, having been denied a suspensive appeal, apply to this court for writs of mandamus and prohibition. The effect of the judgment complained of was to release a seizure which relators had made in executing their judgment against the New Orleans, St. Louis, and Chicago Railroad Company involving a sum exceeding five hundred dollars.

That this court has appellate jurisdiction, there can be no doubt. Whether relators had the right to make the seizure, is a question that will arise when the case is heard on appeal.

The court erred in denying to relators their constitutional right of appeal.

It is therefore ordered that the mandamus herein be made peremptory.